John Heenan
Joseph Cook
HEENAN & COOK
1631 Zimmerman Trail
Billings, MT 59102
(406) 839-9091
john@lawmontana.com
joe@lawmontana.com

Jason S. Ritchie
Michael Manning
RITCHIE MANNING KAUTZ PLLP
175 N. 27th Street, Suite 1206
Billings, MT 59101
(406) 601-1401
jritchie@rmkfirm.com
mmanning@rmkfirm.com

*Attorneys for Plaintiff and the Putative Class*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| DANIEL BIGGS, individually and on behalf of those similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>-vs-<br><br>DIRECTV LLC,<br><br>　　　　　　　Defendant. | Cause No. CV-22-72-GF-BMM<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff Daniel Biggs (hereinafter referred to as "Named Plaintiff"), individually and on behalf of those similarly situated, hereby complains as follows against Defendant DirecTV LLC ("DirecTV"):

## INTRODUCTION

1. Named Plaintiff was at all times material a DirecTV technician and brings this action to redress DirecTV's violations of the Fair Labor Standards Act ("FLSA") and Montana law for failing to pay him and other similarly situated DirecTV technicians for all compensable work time. Specifically, while DirecTV requires technicians to transport its vehicle and equipment to customer job sites, it systematically fails to pay its technicians for time spent transporting the equipment to the first job site and from the last job site. Named Plaintiff asserts that DirecTV failed to pay Named Plaintiff and other similarly situated technicians wages in violation of federal and Montana law.

## JURISDICTION AND VENUE

2. This Court has personal jurisdiction over Defendant because Defendant does business in Montana.

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because the claims herein arise under laws of the United States, namely, the FLSA. This Court has

supplemental jurisdiction over related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative facts.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because the conduct at issue in this Complaint occurred in this District.

## FACTS

5. Named Plaintiff is an adult individual who worked for Defendant in Montana.

6. DirecTV is a foreign company headquartered in California.

7. Named Plaintiff was at all material times employed by DirecTV as a technician with a coverage area of hundreds of miles.

8. DirecTV paid Named Plaintiff an hourly wage.

9. Under what it dubbed its "Home Dispatch Program," DirecTV required Named Plaintiff to park a DirecTV company owned vehicle, containing DirecTV owned tools, at his personal residence.

10. DirecTV, per its policy, did not allow Named Plaintiff to use its company owned vehicle for any personal business whatsoever.

11. DirecTV entirely controls the dispatch process for its technicians. Named Plaintiff, like all technicians, was electronically dispatched through a company app accessible through a company-issued smartphone. Through this process, Named Plaintiff, like all technicians, was required to log into the company

app on the company smartphone to learn of the locations to which he was being dispatched that day.

12. On any given day, his first job location could be anywhere from 10 minutes to several hours from his residence. No matter the travel distance, Named Plaintiff, like all technicians, was expected to be at the first job site at 8:00 am.

13. Under DirecTV's Home Dispatch Program, Named Plaintiff was required to use the lowest cost route from his home to his first assignment, between assignments, and from his last assignment to his home.

14. DirecTV monitored Named Plaintiff's compliance with this guideline and monitored Named Plaintiff's driving habits such as his acceleration and speed.

15. Per its policy, DirecTV did not pay Named Plaintiff or any other technician for the first hour of time transporting the company owned vehicle and equipment to the first job site or from his last assignment to his home, regardless of how long the trip took.

16. Named Plaintiff and other technicians logged this time on the DirecTV app, and DirecTV's pay records to Named Plaintiff and other technicians classify such time as "unpaid travel time."

17. DirecTV has records of the amount of time Named Plaintiff and similarly situated technicians were not paid for time spent transporting company owned vehicles and equipment to and from job sites.

18. Both the FLSA and Montana law distinguish between non-compensable time an employee spends getting a ride to work and compensable time an employee spends driving company equipment and vehicles to and from job sites. *See* 29 CFR 785.41 ("Any work which an employee is required to perform while traveling must of course be counted as hours worked. An employee who drives a truck… is working while riding, except during bona fide meal periods or when he is permitted to sleep in adequate facilities furnished by the employer.") and A.R.M. 24.16.1010(8) (same).

19. DirecTV, in violation of the FLSA and Montana law, has chosen to treat Named Plaintiff and similarly situated installers' time transporting its company owned vehicles and equipment to the first job site and from the last job site as non-compensable commute time, when it is, in fact, compensable travel time.

20. DirecTV knows that its failure to pay Named Plaintiff and other technicians is wrongful. In 2015, DirecTV entered into a consent judgment with the Department of Labor wherein it agreed to pay back $395,000 in back pay to technicians in Washington state including for unpaid travel time.[1]

---

[1] *See Service Installers win back pay from DirecTV in court case,* Seattle Times (Oct. 22, 2015) available at https://www.seattletimes.com/business/technology/service-installers-win-back-pay-from-directv-in-court-case-3/?utm_source=RSS&utm_medium=Referral&utm_campaign=RSS_all

21. Named Plaintiff and other similarly situated employees have been deprived of compensable time because of DirecTV's violation of federal and Montana law. Named Plaintiff estimates, conservatively, that over the past several years he worked in excess of 3,000 hours transporting DirecTV's vehicles and equipment for which he was not compensated.

## FLSA COLLECTIVE ACTION ALLEGATIONS

22. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of technicians, installers and other similar employees of DirecTV who were subject to DirecTV's pay practices and policies as described herein at any point form three years preceding the date this action is instituted (hereinafter the members of this putative class are referred to as "Collective Plaintiffs").

23. DirecTV's policies and procedures as described herein violate the FLSA.

24. Named Plaintiff and Collective Plaintiffs are entitled to all damages under the FLSA.

25. Named Plaintiff's claims are typical of the claims of the Collective Plaintiffs, because Named Plaintiff, like all Collective Plaintiffs, was employed by

DirecTV within the past three years and subject to the pay practices and policies described herein.

26. There are numerous similarly situated current and former employees of DirecTV who were improperly and illegally not compensated for travel time spent transporting DirecTV company-owned vehicles and equipment to and from job sites.

27. Similarly situated employees are known to DirecTV and are readily identifiable by DirecTV, and can be located through DirecTV's records.

28. Named Plaintiff should be permitted to bring this action as a collective action individually and on behalf of those employees similarly situated pursuant to the "opt in" provisions of the FLSA, 29 U.S.C. § 216(b).

29. Pursuant to the FLSA, Named Plaintiff and Collective Plaintiffs are entitled to all unpaid, compensable travel time together with interest for the three years preceding the filing of this action.

## MONTANA CLASS ALLEGATIONS

30. Named Plaintiff brings claims asserting violations of Montana law individually and as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all technicians, installers and other similar employees of DirecTV who were subject to DirecTV's pay practices and policies as described herein at any point from three years preceding the date this action is instituted within the State of

Montana (hereinafter the members of this putative class are referred to as "Montana Class").

31. The Montana Class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact class size, but estimates it exceeds 40 people.

32. Named Plaintiff's claims are typical of the claims of the putative class members because Named Plaintiff, like all class members, was a Montana employee of DirecTV who was not compensated for compensable travel time.

33. Named Plaintiff will fairly and adequately protect the interests of the Montana Class because Named Plaintiff's interests are coincident with and not antagonistic to those of the Class.

34. DirecTV has acted and refused to act on grounds that apply generally to the class.

35. DirecTV's policies and practices as described herein violate the Montana Wage Payment Act and the Montana Minimum Wage and Overtime Compensation Act (collectively referred to as the "MMWOCA").

36. Pursuant to the MMWOCA, Named Plaintiff and the Montana Class are entitled to uncompensated back wages for the preceding three years together with 110% statutory penalty.

37. Questions of law and fact that are common to the members of the class predominate over questions that affect individual members, namely, whether DirecTV violated the MMWOCA by its payment policies as described herein.

## COUNT ONE—VIOLATIONS OF THE FLSA

38. Named Plaintiff realleges and incorporate by reference all allegations in all preceding paragraphs.

39. DirecTV has engaged in a widespread pattern and practice of violating the FLSA as described in this Complaint.

40. DirecTV is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(d), 206(a), and 207(a).

41. DirecTV employed Named Plaintiff and Collective Plaintiffs.

42. The Named Plaintiff and Collective Plaintiffs are employees within the meaning of 29 U.S.C §§ 203(e), 206(a) and 207(a).

43. DirecTV failed to pay Named Plaintiff and Collective Plaintiffs for all hours worked as described in this Complaint.  The failure to pay for all hours worked also resulted in the failure to pay overtime wages to which the Named Plaintiff and the Collective Plaintiffs are entitled.

44. DirecTV's violations of the FLSA, as described in this Complaint, have been willful and intentional. Because DirecTV's violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

45. As a result of DirecTV's violations of the FLSA, Named Plaintiff and the Collective Plaintiffs have suffered damages by being denied compensation and overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

46. As a result of DirecTV's violations of the FLSA, Named Plaintiff and the Collective Plaintiffs are entitled to recover wages and overtime wages in amounts to be determined at trial, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT TWO—VIOLATIONS OF THE MMWOCA

47. Named Plaintiff realleges and incorporate by reference all allegations in preceding paragraphs.

48. DirecTV has engaged in a widespread pattern and practice of violating the MMWOCA as described in this Complaint.

49. DirecTV is an employer as defined in Mont. Code Ann. §§ 39-3-201 and 39-3-402.

50. DirecTV employed Named Plaintiff and each member of the Montana Class.

51. Named Plaintiff and each member of the Montana Class are employees as defined in Mont. Code Ann. §§ 39-3-201 and 39-3-402.

52. DirecTV failed to pay Named Plaintiff and the Montana Class for all hours worked as described in this Complaint. The failure to pay for all hours worked also resulted in the failure to pay overtime wages to which the Named Plaintiff and the Montana Class are entitled.

53. DirecTV's violations of the MMWOCA, as described in this Complaint, have been repeated violations. Because DirecTV's violations of the MMWOCA have been repeated, a three-year statute of limitations applies pursuant to Mont. Code Ann. § 39-3-207.

54. As a result of DirecTV's violations of the MMWOCA, Named Plaintiff and each member of the Montana Class have suffered damages by being denied compensation and overtime wages in accordance with Mont. Code Ann. §§ 39-3-101 *et seq.*

55. As a result of DirecTV's violations of the MMWOCA, Named Plaintiff and each member of the Montana Class are entitled to recover wages and overtime wages in amounts to be determined at trial, a 110% penalty, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to Mont. Code Ann. §§ 39-3-206 and 39-3-214.

WHEREFORE, Named Plaintiff, Collective Plaintiffs and the Montana Class seek judgment as follows:

1. For an Order certifying the class of Collective Plaintiffs pursuant to the FLSA;

2. For an Order certifying the Montana Class pursuant to Rule 23, FRCP;

3. For injunctive and declaratory relief holding that DirecTV's pay policies and practices as described herein violate federal and/or Montana law;

4. For all compensatory and statutory damages available under federal and Montana law;

5. For attorney's fees, costs and interest as allowed by law.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

DATED this 9th day of August, 2022.

        HEENAN & COOK
        RITCHIE, MANNING KAUTZ PLLP

        */s/ John Heenan*
        John Heenan